UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAOUL MARRADI,<br>　　Plaintiff<br><br>　　vs.<br><br>EMC RESTAURANT INC., ET AL,<br>　　Defendant(s) | )<br>)<br>)<br>)<br>) Civil Action No.  1:16-cv-12615-MPK<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT, EMC RESTAURANT INC.

Now comes the Defendant, EMC Restaurant Inc., who pursuant to Federal Rule of Civil Procedure 8(b) hereby submits its Answer and Affirmative Defenses in response to the Plaintiff's Complaint.  Any response that is not specifically admitted herein, shall be considered denied.

## JURISDICTION

1.)	The Defendant admits as to the jurisdiction of this Court to hear this matter but denies any failure to comply with Title III of the ADA.

## PARTIES

2.)	Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

3.)	Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

4.)	Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

5.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.  With regards to any action or inaction of the Defendant having led to such alleged injury, the Defendant denies.

## FACTUAL ALLEGATIONS AND CLAIM

6.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

7.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

8.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

9.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

10.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation as it does not operate the facility.  On that basis, the Defendant denies.

11.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

12.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation as it does not operate the facility and on that basis denies.

13.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.  To the extent that the Defendant has no control over the subject property the Defendant denies that it has failed to comply with the ADA and/or ADAAG.

14.)   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

15.)    The Defendant denies that it has engaged in any discrimination and states it is without sufficient knowledge to form a belief as to the truth or falsity of alleged presence of barriers and the Plaintiff's ability to full and equal enjoyment.  On that basis, the Defendant denies the remainder of the Paragraph.

16.)    The Defendant denies that is has engaged in any discrimination or that it has allowed unlawful barriers or dangerous conditions to exist at the property.  The Defendant is without sufficient knowledge to admit or deny as to the Plaintiff's ability to use and enjoy the Facility and on that basis denies.  As it relates to sub-paragraphs a through q the Defendant is without sufficient knowledge to admit or deny as to the conditions alleged and on that basis denies.

17.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

18.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

19.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

20.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation as it relates to whether the Plaintiff is suffering irreparable harm or whether the barriers alleged exist.  However, as to the Plaintiff having no adequate remedy at law, the Defendant denies.

21.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

22.)    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation and on that basis denies.

## AFFIRMATIVE DEFENSES OF THE DEFENDANT

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused by his own conduct and not the conduct of the Defendant.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has not suffered any damages as the result of any act or omission on the part of the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant does not owe a duty of care to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint should be dismissed in whole or in part because Plaintiff failed to meet all of the legal requirements for injunctive relief which he is seeking as set forth in his complaint.

### EIGHTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages as alleged in the complaint, they were caused by acts of a third person, which acts the Defendant had no reason to anticipate and of which person the Defendant had no knowledge, and over whom it had no control.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant has at all time acted in good faith and with reasonable grounds for believing it had not violated any state or federal law.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant denies having any wrongful or discriminating motivation with respect to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in restaurants built before January 26, 1993 are not "readily achievable" or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant is not operating a public accommodation as defined in 42 U.S.C. § 12181 (7).

### FIFTEENTH AFFIRMATIVE DEFENSE

The facility has not been altered by the operator such that any area of access required an upgrade under 42 U.S.C. §12183.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alterations made by the operator of the restaurant were sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the modifications Plaintiffs seek are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim that the restaurant was designed in violation of the ADA or Title 24 are barred to the extent the restaurant was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring his claims.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The proposed alterations constitute a "technical infeasibility" or "structural impracticability" under the Americans with Disabilities Act.

## TWENTY SECOND AFFIRMATIVE DEFENSE

The operator, to the extent that it made any alterations to the facility, did so in such a manner that the "safe harbor" provisions of the American with Disabilities Act would be applicable.

## TWENTY THIRD AFFIRMATIVE DEFENSE

The Defendant intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered the Complaint, Defendant prays for relief as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

2. That the Plaintiff take nothing by way of the Complaint;

3. That the Court deny the Plaintiff's request for injunctive relief;

4. That Defendant be awarded reasonable costs and attorney's fees in defending this matter; and

5. That the Court order such other and further relief for Defendant as this Court deems just and proper.

                                          Respectfully submitted,
                                          by its attorney,

Date: July 18, 2017                /s/Philip A. Tracy, Jr.
                                          Philip A. Tracy, Jr. BBO#501140
                                          DiMento & Sullivan
                                          1 Faneuil Hall Marketplace, 3rd Floor
                                          Boston, MA  02109
                                          (617) 523-2345
                                          pat@dimentosullivan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

           /s/ Philip A. Tracy, Jr.
           Philip A. Tracy, Jr.